**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HRAYR HARUTYUNYAN,

     Petitioner,

v.

TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement; JOEL GARCIA, El Paso ICE Field Office Director; DORA CASTRO, Warden of Otero County Processing Center; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Acting U.S. Attorney General, in their official capacities,

     Respondents,

Case No. 2:26-cv-01020-MIS-GBW

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

THIS MATTER is before the Court on Petitioner Hrayr Harutyunyan's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed April 3, 2026. The federal Respondents filed a Response on April 17, 2026 ("Response").[1] ECF No. 5. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

### I.    Background

Petitioner is a nineteen-year-old citizen of Armenia who presented himself at the San Ysidro Port of Entry on January 23, 2025, seeking asylum in the United States. Pet. ¶ 1. He was processed as an arriving alien, placed into expedited removal proceedings, referred for a credible

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

fear interview, and placed in custody at a detention facility.  Id. ¶¶ 1, 26.  Petitioner has been in continuous custody since the day he arrived in the United States nearly fifteen months ago.  Id. ¶¶ 1, 26.  He is currently detained at the Otero County Processing Center in Chaparral, New Mexico.  Id. ¶ 1.

On August 15, 2025, approximately seven months after he arrived, Petitioner finally received his credible fear interview.  Id. ¶¶ 1, 28.  On September 3, 2025, Petitioner received a positive credible-fear determination.  Id. ¶ 30.  The Department of Homeland Security placed him into full removal proceedings and issued a Notice to Appear.  Id.

On September 29, 2025, Petitioner filed a Form I-589 Application for Asylum, Withholding of Removal, and protection under the Convention Against Torture ("CAT").  Id.  On December 8, 2025, an Immigration Judge ("IJ") found Petitioner inadmissible under the Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I), denied his applications for asylum, withholding of removal, and CAT Protection, and ordered him removed to Armenia.  Id. ¶ 32.  On December 23, 2025, Petitioner appealed the IJ's decision, id. ¶ 33; that appeal remains pending, id.

On April 3, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus, arguing that the length of his detention violates his procedural and substantive due process rights under the Fifth Amendment to the United States Constitution.  Id. ¶¶ 59-91.  He seeks release from ICE custody.  Id. at 29.

On April 6, 2026, the Court issued an Order to Show Cause and Enjoining Transfer.  ECF No. 3.

On April 17, 2026, the federal Respondents filed a Response arguing that "Petitioner is correctly classified as an 'applicant for admission' under Section 1225(b)(2)(A)" and, as such, is

subject to mandatory detention.  ECF No. 5 at 2-3.

## II.    Discussion

The Court finds that this case is materially indistinguishable from its decision in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), and adopts the analysis contained therein.[2]  Briefly, the Court finds that Petitioner, an "arriving alien" subject to detention under 8 U.S.C. § 1225(b)(2), may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of nearly fifteen months, with no reasonably foreseeable end in sight,[3] is constitutionally excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis,  533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and

---

[2]    As in this case, the petitioner in Mardanpour had been in detention since the day he arrived in the U.S. in January 2025—a period of over fourteen months—had been denied asylum and withholding of removal under the INA, and had an appeal pending with the BIA. 2026 WL 963164, at *1.  The only significant factual difference between this case and Mardanpour is that in Mardanpour an Immigration Judge had granted the petitioner's application for withholding of removal under the Convention Against Torture and, therefore, the petitioner could not be removed to his home country of Iran. 2026 WL 963164, at *1.  The Court finds this distinction to be immaterial because the United States could still remove the petitioner in Mardanpour to a third country.  See id. at *6.  However, the respondents "presented no evidence or argument that they [we]re pursuing removal to a third country[,]" resulting in indefinite detention.  See id. at *6.

[3]    As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years."  2026 WL 963164, at *6.  In any event, Respondents present no evidence or argument that the end of Petitioner's detention is reasonably foreseeable.  See generally Resp., ECF No. 5.

"dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243.  The "typical remedy" for "unlawful executive detention" is release from custody.  Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  The Court finds that immediate conditional release is the appropriate remedy.  See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

## III.    Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.    Petitioner Hrayr Harutyunyan's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;

3.    Respondents are **ENJOINED** from re-detaining Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal and concrete travel plans to effectuate removal; and

4.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE